| | |
|---|---|
| **MARK THOMAS SOPHOCLES, LLC**<br>By: Mark Thomas Sophocles, Esquire<br>Attorney I.D. # 74998<br>21 Industrial Boulevard, Suite 201<br>Paoli, PA  19301<br>Tel. (610) 651-0105<br>Fax (610) 651-0106<br>Mark@Marksophocles.com | **ATTORNEY FOR PLAINTIFF**<br>**EVERETT STERN** |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| **EVERETT STERN**<br>243 Falcon Ridge Road<br>Saint Augustine, FL 32084<br>    Plaintiff,<br>        v.<br><br>**DAILY LOCAL NEWS**<br>250 North Bradford Avenue<br>West Chester, PA 19382<br><br>**AND**<br>**DIGITAL FIRST MEDIA**<br>101 West Colfax Avenue, Floor 11<br>Denver, CO 80202<br><br>**AND**<br>**MNG ENTERPRISES, INC. D/B/A**<br>**DIGITAL FIRST MEDIA and**<br>**MEDIANEWS GROUP**<br>101 West Colfax Avenue, Floor 11<br>Denver, CO 80202<br>    **Defendants** | Case No.: |

## CIVIL ACTION COMPLAINT
## THE PARTIES

1. Plaintiff, Everett Stern is an adult individual residing at 243 Falcon Ridge Road, Saint Augustine, FL 32084.

2. Defendant, Daily Local News is a daily newspaper based in Uwchlan Township, Chester County, Pennsylvania, or a similar entity organized and existing under the laws of the Commonwealth of Pennsylvania and having a registered address, or place of business located at 250 N. Bradford Avenue, West Chester, Pennsylvania 19382.

3. Defendant, Digital First Media is the owner of Daily Local News and is located at 101 West Colfax Avenue, Floor 11, Denver, CO 80202.

4. Defendant, MNG Enterprises, Inc. d/b/a Digital First Media and MediaNews Group is the owner and operator of one of the largest newspaper businesses in the United States with a business location of 101 West Colfax Avenue, Floor 11, Denver, CO 80202.

## JURISDICTION

5. Under 28 U.S.C.S. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States and Under 28 U.S.C.S. § 1332 that grants federal courts jurisdiction in all civil actions between citizens of different states.

6. At all times mentioned herein, Plaintiff was a law abiding citizen of the Commonwealth of Pennsylvania, who enjoyed the respect, confidence and esteem of his neighbors, as well as all others in the community, and has never been guilty of any crime, offense or violation of the law, which would tend to lessen the respect, confidence, and esteem which he has enjoyed, and to which he was entitled.

## COUNT I – LIBEL DEFAMATION
## PLAINTIFF V. DEFENDANTS

7. At all times mentioned herein, Defendant Daily Local News, owned by Digital First Media, LLC, owned, managed, controlled, conducted, printed, published, and circulated a certain daily newspaper known as the "Daily Local" in Chester County, Pennsylvania hereinafter collectively the "Defendants".

8. At all times mentioned herein, defendants acted or failed to act through its agents, servants or employees who acted for defendant's benefit, under defendant's control, and within the course and scope of their authority or employment.

9. [W]here a statement of 'opinion' on a matter of public concern reasonably implies false and defamatory facts regarding public figures or officials, those individuals must show that such statements were made with knowledge of

their false implications or with reckless disregard of their truth. See Milkovich, 497 U.S. at 20. See Krajewski v. Gusoff, 2012 PA Super 166, 53 A.3d 793, 804.

10. On December 19, 2022, the Defendants, intending to injure the Plaintiff and to deprive him of his good name, fame, credit and reputation, falsely, maliciously, wickedly and illegally printed and published an article concerning Plaintiff in the Daily Local newspaper, which contained the following scandalous, defamatory and libelous statements:

Tried to impersonate a Police Officer using flashing emergency lights and telling the driver he was a "Federal" Agent.

11. The statements contained in the article were intended to and did convey to the readers thereof, either directly or by implication, wantonly reckless false allegations that: Everett Stern was a criminal who exhibited criminal malfeasance by impersonating an Officer and/or Federal Agent. The article headline stated that Plaintiff plead guilty to impersonation of an officer; he did not, that is a false statement.

12. The statements contained in the article directly and proximately caused a very lucrative business, Spyscape, to drop Plaintiff as a consultant and lost his consultancy page, deleted his #1 highly rated Apple Podcast, and caused the Plaintiff to lose thousands of dollars in related losses from his own business, Tactical Rabbit.

13. The wantonly false statements against Stern made with reckless disregard for the truth which is actual malice in the article are demonstrably false yet directly damaging to Plaintiff as a public figure who relies ostensibly entirely upon the public's perception and view of him insofar as they reflect upon Plaintiff's character and reputation.

14. The elements of a prima facie case of defamation claim are:

a) The defamatory character of the communication.

b) Its publication by the defendant.

c) Its application to the Plaintiff.

d) The understanding by the recipient of its defamatory meaning.

e) The understanding by the recipient of it as intended to be applied to Plaintiff.

f) Special harm resulting to the Plaintiff from its publication.

g) Abuse of a conditionally privileged occasion.

See 42 Pa. Cons. Stat. § 8343, <u>Reager v. Williams</u>, No. 3:08cv2035, 2009 U.S. Dist. LEXIS 88753, at *1 (M.D. Pa. Sep. 25, 2009)

15. The Plaintiff has never, at any time, been guilty of the specific crimes of or alleged by defendant, nor was he ever an accessory to, nor an aider and abettor of, such criminal acts, nor has he ever been guilty of any other violation of law, but he has at all times been a peaceable and law abiding inhabitant of the

several communities in which he had resided from the day of his birth prior to moving to Florida in 2022.

16. Defendants knew or should have known that the statements and charges contained in the article and identified in paragraph 6 were false when made, and defendant published them either intentionally and maliciously, or with reckless disregard for their truth or falsity, or negligently and carelessly.

17. Publication of factually partially correct statements that convey a false impression can be actionable as defamation (if it had a grievous effect on one's reputation) or actionable as false light invasion of privacy (if the statement would be highly offensive to a reasonable person); a jury's response to interrogatories that defendant did not make statements about Plaintiff that were false, but that defendants portrayed Plaintiff in a false light, were consistent and supported a verdict in favor of Plaintiff for both defamation and false light invasion of privacy. Graboff v. Colleran Firm, 744 F.3d 128 (3rd Cir. Pa. 2014). See 48 P.L.E. TORTS § 125 (2023)

18. The statements and charges contained in the article and identified herein were printed, published and circulated in the general edition of the newspaper on December 19, 2022 were widely published and circulated among, and read by the Plaintiff's neighbors and friends and diverse other persons.

19. By reason of the printing, publication, and circulation of the statements and charges contained in the article and identified in preceding paragraphs, the Plaintiff has been brought into scandal and reproach, and has been held up to odium, scorn and contempt among his neighbors, business acquaintances, and other good citizens, and is suspected by them to have been guilty of the crimes and fraudulent practices which defendant's article imputed to Plaintiff, as a result of which the Plaintiff has suffered in his business, his reputation, feelings and peace of mind, all to his great financial loss and damage.

20. Since the defendant subjectively acted with reckless disregard for the truth they are liable to the Plaintiff for their wanton recklessly committing defamation.

21. Under Pennsylvania law 42 Pa.C.S. § 8344, Malice Or Negligence Necessary To Support Award Of Damages:

In all civil actions for libel, no damages shall be recovered unless it is established to the satisfaction of the jury, under the direction of the court as in other cases, that the publication has been maliciously or negligently made, but where malice or negligence appears such damages may be awarded as the jury shall deem proper. See 42 Pa.C.S. § 8344

22. Plaintiff avers and therefore believes that actual malice in the form of the Defendants wantonly reckless disregard for the truth as asserted herein satisfies

the actual malice standard and Plaintiff also avers in the subsequent Count cogent allegations against Defendants for liability imposed against Defendants for negligence.

**WHEREFORE**, the Plaintiff claims damages from Defendants in an amount in excess of $75,00.00, and costs as the Court deems necessary.

### COUNT II - NEGLIGENCE
### PLAINTIFF V. DEFENDANTS

23. Plaintiff incorporates by reference as if fully set forth at length herein the previous paragraphs.

24. Defendants owed Plaintiff a duty of care to ensure that the information and facts published were verified and edited by the newspaper in order to prevent false or otherwise inaccurate news was not published as Defendants controlled the content, editing, review and publishing of the salient news that gives rise to these claims and had the chance to train, manage, supervise, oversee and maintain a standard of accuracy when publishing news.

25. Plaintiff has outlined a prima facie case for negligence against Defendants as the following elements negligence can be established as:

    a.) Defendants owed Plaintiff a duty of care when publishing a front page article about a public figure;

    b.) Defendants as part of their duty of reasonable care and due

diligence should have investigated and verified the veracity and accuracy of publishing newsworthy information regarding the news;

c.) Defendants breached this duty of care by failing to review their published article by independently reviewing and inspecting bold yet factually inaccurate allegations sensationalized to create click bait and sell copies of their paper with salacious but inaccurate news falsely casting Plaintiff in false light;

d.) As a direct and proximate result of the breach in the duty of case by Defendants, Plaintiff lost hundreds of thousands of dollars and business deals, opportunities and consultancy listings that were predicated upon the salacious nature of the false and exaggerated headlines and news.

e.) Plaintiff has incurred actual damages as a direct and proximate consequence of the wanton recklessness exhibited by Defendants when they breached the duty of ordinary care.

26. The elements of a claim of negligence are the existence of a legal duty, a breach of that duty, and a causal connection between the breach and the resulting injury, in addition to actual damages.

27. The Defendants in publishing an newspaper front page article on a political figure owe that figure a duty of reasonable care to ensure that facts are accurate and not made recklessly to misrepresent the truth and to cast Plaintiff in a false light, this duty was breached when the paper published the article before

confirming all of the facts (many of which were untrue) and as a direct and proximate result of this breach in the duty owed to Plaintiff caused Plaintiff actual damages in the form of loss of business and monetary damages of hundreds of thousands of dollars.

28. The Defendants knew of should have known that wantonly reckless publication of false and contrived news without requisite fact checking or verification resulted in the publication of the subject article and proximately directly causing Plaintiff damages.

29. Defendants are liable to Plaintiff under 42 Pa.C.S. § 8344 since in this civil action for libel, no damages shall be recovered unless it is established to the satisfaction of the jury, under the direction of the court as in other cases, that the publication has been maliciously or negligently made, but where malice or negligence appears such damages may be awarded as the jury shall deem proper. See 42 Pa.C.S. § 8344

30. Plaintiff has established prima facie elements for prevailing against Defendants for liability for the proximate and direct damages caused by the Defendants liability.

**WHEREFORE**, the Plaintiff claims damages from Defendants in an amount in excess of $75,00.00, and costs as the Court deems necessary.

Respectfully submitted,

**MARK THOMAS SOPHOCLES, LLC**

By: _____

**Mark T. Sophocles, Esquire**
PA. ID No.: 74998
21 Industrial Blvd, Suite 201
Paoli, PA 19301
Phn: (610) 651-0105
Fax: (610) 651-0106
Mark@Marksophocles.com
*Attorney for Plaintiff*

## VERIFICATION

I, Everett Stern, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

*Everett Stern*
**EVERETT STERN**