IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVERETT STERN,** | : | **CIVIL ACTION** |
| | : | |
| *Plaintiff,* | : | **NO.: 2:23-cv-02318-MRP** |
| | : | |
| v. | : | |
| | : | |
| **DAILY LOCAL NEWS,** *et al.*, | : | |
| | : | |
| | : | |
| *Defendants.* | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
<u>MOTION TO DISMISS</u>**

**I.        INTRODUCTION**

Plaintiff Everett Stern brings claims for libel defamation (Count I) and negligence (Count II) against Defendants the Daily Local News, Digital First Media, and MNG Enterprises, Inc. ("Defendants") based on a December 19, 2022, article appearing in the Daily Local News.

Defendants move to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for the following reasons:

- Stern's ***defamation claim*** against Defendants (Count I) fails as a matter of law because Stern does not plausibly allege that the December 19, 2022, article was published with actual malice—that is, with knowledge that it was false or with reckless disregard as to whether it was false or not.

- Stern's ***negligence claim*** (Count II) against Defendants fails as a matter of law because there is no cause of action for the negligent publication of allegedly false and defamatory statements.

## II.     RELEVANT FACTUAL BACKGROUND

Stern is a self-described "public figure." Compl. ¶ 13. He alleges that, on December 19, 2022, Defendants published an article that contained two instances of false and defamatory statements against him: 1) that he "[t]ried to impersonate a Police Officer using flashing emergency lights and telling the driver he was a 'Federal' Agent," (Compl. ¶ 10) and 2) that "[t]he article headline stated that Plaintiff plead guilty to impersonation of an officer" (*id.* ¶ 11). These statements allegedly "intended to and did convey to the readers" that "Everett Stern was a criminal who exhibited criminal malfeasance by impersonating an Officer and/or Federal Agent." *Id.* ¶ 11. According to Stern, he "has never, at any time, been guilty of the specific crimes of or alleged by defendant [sic], nor was he ever an accessory to, nor an aider and abettor of, such criminal acts, nor has he ever been guilty of any other violation of law." *Id.* ¶ 15.

Stern's Complaint, however, does not dispute much of the factual content in the December 19, 2022, article ("the Article," attached hereto as Exhibit 1)[1], including: 1) that Stern himself acknowledged that he pulled over a car driven by women outside the housing complex where he lived, used blue-and-red flashing emergency lights in doing so, and used the word "federal" ("federal candidate," according to Stern) in describing himself to the women in the car; 2) that Stern was charged with a misdemeanor count of impersonating a public servant and summary counts of harassment and disorderly conduct in connection with the incident; 3) that he ultimately pled guilty to summary charges; and 4) that, as part of his sentence, he agreed to complete 50 hours of community service, to undergo a mental health evaluation, and to follow any recommended treatment. Ex. 1.

---

[1] Stern's Complaint explicitly relies on the December 19, 2022 Article. Therefore, the Article may be considered by the Court in ruling on this motion to dismiss. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

As discussed below, Stern has not adequately pled "actual malice" as required due to his status as a public figure, and his negligence claim has no legal support. As a result, the claims against Defendants must be dismissed.

### III. ARGUMENT

####    A.    Count One should be dismissed for failing to state a claim because Stern fails to plausibly allege actual malice.

Count One fails as a matter of law because Stern does not plausibly allege that the Article was published with "actual malice—that is, with knowledge that it was false or with reckless disregard of whether it was false or not," *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964). Relying upon the protections provided by the First Amendment, the Supreme Court of the United States first imposed the "actual malice" requirement on defamation plaintiffs who are public officials, *id.*, and later extended it to public figures, *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 335, 342-45 (1974). Here, Stern has admitted that he is a "public figure," and the actual malice standard is therefore applicable. Compl. ¶¶ 13, 22. If he were a private figure, the fault standard would instead be negligence. *See Am. Future Systems. Inc. v. Better Bus. Bureau of E. Pa.*, 923 A.2d 389, 400 (Pa. 2007).

The Superior Court of Pennsylvania has stressed that the actual malice standard that Stern must satisfy due to his public figure status is "a rigorous, if not impossible, burden to meet in most circumstances." *Bartlett v. Bradford Publ'g, Inc.*, 885 A.2d 562, 566 (Pa. Super. Ct. 2005) (citation omitted); *Manning v. WPXI, Inc.*, 886 A.2d 1137, 1143 (Pa. Super. Ct. 2005) (citation omitted); *see also McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020) (describing actual malice as a "demanding standard"). Indeed, because actual malice is an element of his claim, Stern must show by "clear and convincing evidence" that the Defendants published the Article with "knowledge" of falsity or "reckless disregard" for the truth. *Masson v.*

*New Yorker Magazine, Inc.*, 501 U.S. 496, 510 (1991). To satisfy even the "reckless disregard" prong of this standard, Stern must show that the Defendants "in fact entertained serious doubts as to the truth" of the Article or "acted with a high degree of awareness of probable falsity." *Id.* (internal quotation marks, citations, and alteration omitted).

Here, Stern has not pleaded, in any non-conclusory way, that Defendants published the Article with actual malice. Crucially, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, Stern "must allege *facts* to support an inference of actual malice," *Pace v. Baker-White*, 850 Fed. Appx. 827, 831 (3d Cir. 2021), which he has failed to do here.

In his Complaint, rather than alleging supporting facts, Stern simply references the actual malice standard in several boilerplate allegations and leaves it at that. *See, e.g.,* Compl. ¶ 13 ("The wantonly false statements against Stern made with reckless disregard for the truth which is actual malice in the article are demonstrably false . . . ."); *id.* at ¶ 16 ("Defendants knew or should have known that the statements and charges contained in the article and identified in paragraph 6 [sic] were false when made, and defendant published them either intentionally and maliciously, or with reckless disregard for their truth or falsity, or negligently and carelessly."); *id.* at 20 ("Since the defendant subjectively acted with reckless disregard for the truth . . . ."); *id.* at ¶ 22 ("[A]ctual malice in the form of the Defendants wantonly reckless disregard for the truth as asserted herein satisfies the actual malice standard . . . ."). As Stern's allegations of actual malice are conclusory, his defamation claim must be dismissed. *See, e.g., Pace*, 850 Fed. Appx. at 831 (affirming dismissal of defamation claim for "conclusory allegations" of actual malice); *McCafferty*, 955 F.3d at 359-60 (affirming dismissal of defamation claim for failure to "plead

facts that suggest actual malice"); *Monge v. Univ. of Pennsylvania*, No. CV 22-2942, 2023 WL 3692935, at *7 (E.D. Pa. May 26, 2023) (dismissing defamation claim where plaintiff "merely makes conclusory allegations that the defendants acted with actual malice").

> **B.  Count Two should be dismissed for failing to state a claim because there is no cause of action for the negligent publication of allegedly false and defamatory statements.**

Count Two fails as a matter of law because there is no cause of action for negligent publication. Where, as here, a plaintiff asserts that a defendant published false and defamatory statements about him, the cause of action is defamation—a cause of action for which the law has developed a range of protections given that free speech is implicated. *See Gaber v. Mortg. Asset Rsch. Inst., Inc.*, No. CIV. 08-4926, 2010 WL 3039885, at *3 (D.N.J. Aug. 3, 2010) ("Pennsylvania recognize[s] that where a plaintiff claims that the communication of false information has injured his reputation, the plaintiff is precluded from seeking redress under a theory of negligence . . . Instead, the proper cause of action is defamation."); *Morgenstern v. Fox Television Stations of Philadelphia*, No. CIV.A. 08-0562, 2008 WL 4792503, at *12 (E.D. Pa. Oct. 31, 2008) ("The cause of action for defamation was developed to create a strong legal standard as a hurdle to punishing speech because of its conflict with the First Amendment's right to free speech. . . . [Plaintiff] has provided me with no legal authority to support recognizing an action in negligence to allow him to overcome the hurdles created by the defamation standard."). Indeed, permitting Stern to assert a claim for negligent publication would circumvent one such free-speech protection here—the elevated and constitutionally mandated actual malice standard that governs Stern's defamation claim due to his public figure status. *See Shadle v. Nexstar Broad. Grp., Inc.*, No. 3:13-CV-02169, 2014 WL 3590003, at *11 (M.D. Pa. July 21, 2014) (dismissing negligent publication claim in part because, if plaintiff were a public figure, allowing

a negligence claim would "skirt" the actual malice standard). Therefore, Count Two must be dismissed.

## IV. RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that the Complaint be dismissed.

                                **LeVAN STAPLETON SEGAL COCHRAN LLC**

                                By:   */s/ Eli Segal*
                                        Eli Segal (PA ID 205845)
                                        Kali J. Schellenberg (PA ID 321435)
                              1760 Market Street, Suite 403
                              Philadelphia, PA 19103
                              215.402.6555
                              esegal@levanstapleton.com
                              kschellenberg@levanstapleton.com

                              *Attorneys for Defendants Daily Local News, Digital First Media, and MNG Enterprises, Inc.*