IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVERETT STERN** <br> **Plaintiff,** <br> v. <br> **DAILY LOCAL NEWS, et al.** <br> **Defendants.** | : <br> : <br> : <br> : **Case No.: 2:23-cv-02318-MRP** <br> : <br> : |

**PLAINTIFF, EVERETT STERN'S RESPONSE IN OPPOSITION AND MEMORANDUM OF LAW IN SUPPORT OF THE RESPONSE TO MOTION TO DISMISS UNDER FEDERAL RULE 12 B(6)**

Plaintiff, Everett Stern, by and through his counsel of record, Mark T. Sophocles, Esquire hereby file the Response in opposition to the Motion to Dismiss of Defendants, Daily Local News, et al.

**I.      INTRODUCTION**

Plaintiff, Everett Stern, incorporates by reference, as if fully set forth herein at length, the averments and contents of the Civil Action Complaint. Plaintiff also offers the following responses to the Motion to Dismiss:

Plaintiff Everett Stern filed and brought claims for libel defamation (Count I) and negligence (Count II) against Defendants the Daily Local News, Digital First Media, and MNG Enterprises, Inc. ("Defendants") based on a December 19, 2022, article appearing in the Daily Local News who moved to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for the following reasons:

Stern's *defamation claim* against Defendants (Count I) fails as a matter of law because Stern does not plausibly allege that the December 19, 2022, article was published with actual malice-that is, with knowledge that it was false or with reckless disregard as to whether it was false or not.

1

**Response**: See accompanying Memorandum of Law in Support of the Plaintiff's position that Plaintiff has averred cogent and specific factual averment establishing the elements to support this cause of action below.

Stern's *negligence claim* (Count II) against Defendants fails as a matter of law because there is no cause of action for the negligent.

**Response**: Plaintiff in an abundance of caution included the second Count of his Complaint for negligence against the Defendants in the alternative. Plaintiff avers and therefore believes that Plaintiff can establish facts to support a negligence count against Defendants who owed Stern a duty of care to ensure that reasonable review and editorial discretion would require accuracy in publication of wantonly reckless misinformation pertaining to the criminality or lack thereof of allegations made against Plaintiff; that this duty was breached by Defendants who with reckless disregard for the truth, wantonly published inaccurate information about Stern who as a Pennsylvania Senate candid was owed said duty and as a proximate result of this breach has damages.

**II.      FACTUAL BACKGROUND**

Plaintiff, Everett Stern, hereby attaches and includes as part of his Response the Affidavit setting forth additional factual nuances and information supporting his claims (See Exhibit "A" attached hereto).

As discussed below, Stern has sufficiently and adequately pled "actual malice" as required due to his status as a public figure, and his negligence claim has legal support. As a result, the claims set forth by Plaintiff against Defendants must proceed such that, Defendants' Motion to Dismiss must be DENIED.

**III.      LEGAL STANDARD**

    **1.      DEFAMATION**

To prevail on a defamation claim, the First Amendment requires that public-figure Plaintiffs plead and later, prove that the defendant acted with "actual malice." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 335, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974); *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 164, 87 S. Ct. 1975, 18 L. Ed. 2d 1094 (1967) (Warren, C.J., concurring in the result); *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). "Actual malice" is a term of art that does not connote ill will or improper motivation." *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020). Instead, it means that the publisher acted "with knowledge that [the allegedly] defamatory statement was false or with reckless disregard of whether it was false or not. *Sullivan*, 376 U.S. at 280. This Plaintiff was a Pennsylvania senatorial candidate in one of the most competitive and highly contentious periods in American history. Also, Plaintiff, who testified in the highly partisan January 6th Committee hearings became a lightening-rod for Trump Republicans who were fearful of the appearance of a Republican Senatorial candidate offering cogent testimony that rebutted the narrative espoused by Trump and his forces. In fact, the senatorial polling contemporaneously made during the salient time-period of the instant claims established that Stern as a third candidate between Dr. Oz and John Fetterman was polling at 4%. In this very close, highly contested race 4% equates to a controlling margin that was highly impactful and upon information and belief swayed the result against Trump's candidate (Dr. Oz), such that Stern became a target for political hit jobs and fake news stories that grossly altered the truth for the sheer purpose of defaming Stern and scuttling his political chances. Defendant's employer Michael Rellehan has connections with various political and legal persons in West

Chester who upon information and belief were factors in fostering the false narrative to harm Stern. Either Defendants knowingly allowed the false nature of this grossly embellished hit piece to perpetrate without retraction or correction or the Defendants were wantonly reckless in failing to report the truth such that Defendants knew or should have known of the falsity inherent with factually misstating the truth. Reckless disregard, "the outer limit of actual malice" means that the defendant in fact entertained serious doubts as to the truth of the statement or that the defendant had a subjective awareness of probable falsity. *Kendall v. Daily News Pub. Co.*, 716 F.3d 82, 89-91 (3d Cir. 2013) (internal quotation marks omitted).

This demanding standard reflects an "accommodation between" two "competing concerns": "the need for a vigorous and uninhibited" debate on issues of public importance, "and the legitimate interest in redressing wrongful injury" to reputation. *Gertz*, 418 U.S. at 342. Though defamation cases place these interests at odds, a robust public sphere requires some measure of both. On one hand, "erroneous statement is inevitable in free debate," *Sullivan*, 376 U.S. at 271, and imposing potentially ruinous liability for mere error "runs the risk of inducing a cautious and restrictive exercise of the constitutionally guaranteed freedoms of speech and press," *Gertz*, 418 U.S. at 340. On the other hand, citizens rely on their good names to participate in public life, and allowing reputations to be tarnished without recourse could chill that participation. *See id.* at 341 ("[T]he individual's right to the protection of his own good name reflects no more than our basic concept of the essential dignity and worth of every human being . . . .'" (quoting *Rosenblatt v. Baer*, 383 U.S. 75, 92, 86 S. Ct. 669, 15 L. Ed. 2d 597 (1966) (Stewart, J., concurring))).

Though the actual malice standard may not lead to a perfect result in every case, it reflects the reality that "First Amendment freedoms need breathing space to survive." *NAACP v. Button*, 371

U.S. 415, 433, 83 S. Ct. 328, 9 L. Ed. 2d 405 (1963); s*ee also* Gertz, 418 U.S. at 341 ("The First Amendment requires that we protect some falsehood in order to protect speech that matters."). It erects a high bar to recovery so that the press and public may comment on the issues of the day without "the pall of fear and timidity" that freewheeling defamation liability would cast. Sullivan, 376 U.S. at 278., but it does not categorically shield the press (or anyone else) from accountability for knowingly or recklessly spreading defamatory falsehoods. Gertz, 418 U.S. at 341.

At this early stage, however, Stern need not show actual malice through the "clear and convincing" evidence required to prevail at trial, Gertz, 418 U.S. at 342. To survive a motion to dismiss, this Complaint must only plead facts that, taken as true, raise a "reasonable inference" that *Newsweek* acted with actual malice. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Plaintiff in this case has certainly plead and averred facts that raise a reasonable inference that Defendants operating in the highly partisan political environment atced with actual malice. A fair and reasonable reading of this Complaint at this juncture of the litigation requires the court to accept all factual allegations as true and to construe the averments in the Complaint in a light most favorable to Mr. Stern. Under this paradigm, this Honorable Court cannot disregard these tenets and grant the draconian Motion of Defendants.
Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quotations omitted). Under such a standard, the factual allegations set forth

in a complaint "must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

However, Rule 12(b)(6) only requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. The complaint must include enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element. *Phillips*, 515 F.3d at 234 (citation and quotations omitted); *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) A claimant does not have to set out in detail the facts upon which he bases his claim. The pleading standard is not akin to a probability requirement; to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief. (citation and quotations omitted)). Applying these legal conditions with the facts set forth in the Complaint, clearly establishes that Plaintiff has properly pled a plausible claim for relief.

In sum, under the current pleading regime, when a court considers a dismissal motion, three sequential steps must be taken: first, it must take note of the elements the plaintiff must plead to state a claim. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quotations omitted). Next, the court should identify allegations that, because they are no more than

conclusions, are not entitled to the assumption of truth. Lastly, when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* (quotations and brackets omitted).

The Third Circuit has held that if it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable. *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 356 (3d Cir. 2020) (quoting *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993)). In *McCafferty*, our appellate court found that the defendant's alleged defamatory statements were not actionable because they were disclaimed as the defendant's political philosophy. The instant case is against a newspaper for wantonly misreporting the truth and directly and proximately causing damages to Mr. Stern.

Actual malice is a term of art that does not connote ill will or improper motivation. Rather, it requires that the publisher either know that its article was false or publish it with "reckless disregard" for its truth. *McCafferty*, 955 F.3d at 359. The First Amendment requires this demanding standard. *Id.* (citing *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964)). Plaintiff has sufficiently pled facts that were published with knowledge of its falsity or a reckless disregard for the truth or falsity of the reported statement.

Plaintiffs need to plead sufficient facts to plausibly allege that Defendant "actually doubted the veracity" of his statements." *Lee*, 710 F. App'x at 560. In other words, the complaint must "allege sufficient particularized facts to suggest that the statement was published with knowledge of its falsity or a reckless disregard for the truth or falsity of the reported statement. *Darakjian*, 366 N.J. Super. at 248. This high bar is purposeful as the **actual malice** standard reflects a profound national commitment to the principle that debate on public issues should be uninhibited, robust,

and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks. *New York Times Co.*, 376 U.S. at 270; *see also Darakjian*, 366 N.J. Super. at 248. ("To permit a defamation action, regarding matters of public concern to survive on the basis of a mere allegation of knowledge of falsity or reckless disregard, affords insufficient breathing space to the critical rights protected, in the public interest, by the First Amendment."). Actual malice focuses Defendant's attitude towards the *truth*," not towards the plaintiffs themselves. *McCafferty*, 955 F.3d at 360 (citing *DeMary v. Latrobe Printing & Publ'g Co.*, 2000 PA Super 339, 762 A.2d 758, 764 (Pa. Super. Ct. 2000)) (emphasis in original). In sum, Plaintiff having plead facts that suggest actual malice. Accordingly, the Court should deny the Defendant's Motion to Dismiss.

In defamation by implication cases, there is an additional element to the actual malice standard: the plaintiff must show that defendant either intended to communicate the defamatory meaning or knew of the defamatory meaning and was reckless in regard to it. *Kendall v. Daily News Pub. Co.*, 716 F.3d 82, 90 (3d Cir. 2013). This requirement "ensures that publishers are not held liable for unintentional misstatements or implications, which public figures later claim are defamatory. *Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 891 (9th Cir. 2016); *see also Kendall*, 716 F.3d at 91 ("[I]f mere knowledge were sufficient to find defamatory intent, then **actual malice** could be found no matter how unlikely it is that a listener would interpret the statement as having the defamatory meaning."). Like the standard actual malice requirement, the inquiry is "subjective in nature, requiring some evidence showing, directly or circumstantially, that the defendants themselves understood the potential defamatory meaning of their statement.

To be clear, the Plaintiff has averred and therefore believes that Defendant either intended to communicate the defamatory meaning or knew of the defamatory meaning and was reckless in regard to it. *Kendall v. Daily News Pub. Co.*, 716 F.3d 82, 90 (3d Cir. 2013).

This requirement ensures that publishers are not held liable for unintentional misstatements or implications, which public figures later claim are defamatory. *Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 891 (9th Cir. 2016); *see also Kendall*, 716 F.3d at 91 ("[I]f mere knowledge were sufficient to find defamatory intent, then **actual malice** could be found no matter how unlikely it is that a listener would interpret the statement as having the defamatory meaning."). Like the standard **actual malice** requirement, the inquiry is "subjective [in] nature," requiring "some evidence showing, directly or circumstantially, that the defendants themselves understood the potential defamatory meaning of their statement.".

### 2. NEGLIGENCE

Plaintiff included a second count (Count II- Negligence) in the alternative and in conjunction with the requirements of 42 Pa.C.S. § 8344 in order to pre-emptively plead and aver the elements of negligence against Defendants.

Under 42 Pa.C.S. § 8344, In all civil actions for libel, no damages shall be recovered unless it is established to the satisfaction of the jury, under the direction of the court as in other cases, that the publication has been maliciously or negligently made, but where malice or negligence appears such damages may be awarded as the jury shall deem proper. 42 Pa. Cons. Stat. § 8344 (emphasis added). The general rule is that "if the plaintiff is a private figure, the First Amendment only forbids a state to impose liability without fault. Thus, a plaintiff is required to at least show negligence on the part of defendant in order to succeed on the merits of his/her case. Franklin Prescriptions, 267 F. Supp. 2d at 436; see also Harrell v. Rite Aid

Corp., No. Civ.A.98-1732, 1998 U.S. Dist. LEXIS 16373, 1998 WL 964217, at *1-2 (E.D. Pa. Oct. 9, 1998). This negligence standard, however, is a relatively low hurdle and does not mandate any showing of intent to defame. Franklin Prescriptions, 267 F. Supp. 2d at 441. Plaintiff avers and believes that he can establish a negligence claim against Defendants and has pled factual averments that frame the elements of negligence (duty of care, breach of said duty, proximately and directly causing actual damages to Plaintiff) such that the Motion to Dismiss should be denied.

### IV.        CONCLUSION

Because Stern's Complaint pleads enough facts to support a reasonable inference that *Daily News* acted with actual malice and because the Plaintiff has adequately set froth factual averments that must be accepted as true at this juncture of the litigation (and for establishing negligence claims), this Honorable Court must deny *Daily News'* motion to dismiss the defamation and negligence counts. Plaintiff respectfully requests that this Honorable Court deny the Motion of the Defendants accordingly.

Respectfully submitted,

Mark T. Sophocles, Esquire