IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVERETT STERN,** | : | CIVIL ACTION |
| | : | |
| *Plaintiff,* | : | NO.: 2:23-cv-02318-MRP |
| | : | |
| v. | : | |
| | : | |
| **DAILY LOCAL NEWS,** *et al.*, | : | |
| | : | |
| *Defendants.* | : | |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**I.   INTRODUCTION**

In their opening brief, Defendants explained (1) that Plaintiff Everett Stern's defamation claim (Count I) should be dismissed because his Complaint fails to plausibly allege that Defendants published the December 19, 2022, article at issue with actual malice, and (2) that Stern's negligence claim (Count II) should be dismissed because there is no cause of action for the negligent publication of allegedly false and defamatory statements. In his Response, Stern does not rebut either argument. Therefore, Defendants' motion should be granted, and the Complaint dismissed in its entirety.

**A.   Count One should be dismissed for failing to state a claim because Stern fails to plausibly allege actual malice.**

As Defendants explained in their opening brief, Stern's Complaint does not allege *facts* that, if true, would raise an inference that Defendants published the article at issue with actual malice—or, in other words, with knowledge that it was false or with reckless disregard for the truth. *See* Op. Br. at 3-5. And "[a]t the pleading stage, a public figure, like [Stern], must allege

*facts* to support an inference of actual malice," in order to state a claim for defamation. *Pace v. Baker-White*, 850 F. App'x 827, 831 (3d Cir.). Simply providing "[t]hreadbare recitals" of the actual malice standard, "supported by mere conclusory statements"—which is all that Stern does in his Complaint—is not sufficient to survive a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In his Response, Stern insists that he has met his actual malice pleading burden. Specifically, he contends that "[t]he Plaintiff in this case has certainly plead and averred *facts* that raise a reasonable inference that Defendants operating in the highly partisan political environment acted with actual malice." Resp. at 5 (emphasis added). Similarly, he maintains that "Plaintiff has sufficiently pled *facts* that were published with knowledge of its falsity or a reckless disregard for the truth or falsity of the reported statement." Resp. at 7 (emphasis added). But Stern does not point to any paragraph of the Complaint that contains any *facts* that support these conclusory assertions. Nor could he, given that the allegations of actual malice in his Complaint are just as conclusory as these statements in his brief. *See* Op. Br. at 4-5 (quoting the Complaint's boilerplate actual malice allegations). Because the Complaint contains no non-conclusory factual allegations that, if true, would show that Defendants published the article at issue with actual malice, Stern's defamation claim should be dismissed. *See* Op. Br. at 4-5 (citing cases that dismiss or affirm dismissal of defamation claims for insufficient factual allegations of actual malice).

Stern states on page 2 of his Response that "Plaintiff, Everett Stern, hereby attaches and includes as part of his Response the Affidavit setting forth additional factual nuances and information supporting his claims." Resp. at 2. Stern, however, does not mention the 39-paragraph Affidavit again in his Response, and it is unclear whether he is attempting to use the Affidavit to stave off dismissal for insufficient allegations of actual malice. But no matter what

Stern's intent may have been in attaching it, the Affidavit—dated more than three months after the Complaint—should not change the outcome here.

As an initial matter, the Court should not consider the Affidavit at all in ruling on Defendants' 12(b)(6) motion because, far from being part of the Complaint itself, the Affidavit post-dates the Complaint by more than three months. *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)"); *McCardle v. Tronetti*, 961 F.2d 1083, 1089 (3d Cir. 1992) (affirming 12(b)(6) dismissal and refusing to consider plaintiff's affidavit "filed after the defendants moved to dismiss" that set out "additional facts not contained in the complaint"); *Hadnagy v. Moss*, 2023 WL 114689, at *2 (E.D. Pa. Jan. 5, 2023) ("'[A] party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion.'" (quoting *Hammond v. City of Phila.*, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001)). To find otherwise would effectively permit Stern to use his Response as an opportunity to amend his Complaint, which the Third Circuit has made clear he cannot do. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Moreover, even if the Court were to consider Stern's Affidavit, the Affidavit—like the Complaint itself—contains no facts that, if true, would show that Defendants published the article at issue with knowledge that it was false or with reckless disregard for its truth or falsity.

> **B.    Count Two should be dismissed for failing to state a claim because there is no cause of action for the negligent publication of allegedly false and defamatory statements.**

As Defendants explained in their opening brief, there is no cause of action for the negligent publication of false and defamatory statements and recognizing such a cause of action here would allow Stern—an admitted public figure—to skirt the constitutionally mandated actual

malice standard that governs his defamation claim. *See* Op. Br. at 5-6. In his Response, Stern does not address these dispositive Count Two flaws. Instead, he asserts that he included Count Two "in the alternative and in conjunction with the requirements of 42 Pa.C.S. § 8344 in order to pre-emptively plead and aver the elements of negligence against Defendants." Resp. at 9. But Section 8344 merely addresses when damages are available in libel—i.e., written defamation—actions. *See* 42 Pa.C.S. § 8344 ("In all civil actions for libel, no damages shall be recovered unless. . . the publication has been maliciously or negligently made."). It does not create a separate cause of action for negligent publication. Nor does it change the fact that, as a matter of First Amendment law, Stern must prove actual malice—not mere negligence—to prevail on his defamation claim. *See Tucker v. Phila. Daily News*, 848 A.2d 113, 129-30 (Pa. 2004) (recognizing that the First Amendment requires Pennsylvania public figure defamation plaintiffs to prove actual malice and that "states may not use their defamation laws to limit speech to the extent it would impermissibly restrict the exercise of First Amendment rights"). Therefore, Count Two should be dismissed.

### III. RELIEF REQUESTED

For all these reasons and all those set forth in their opening brief, Defendants respectfully request that the Complaint be dismissed.

**LeVAN STAPLETON SEGAL COCHRAN LLC**

By: */s/ Eli Segal*
    Eli Segal (PA ID 205845)
    Kali J. Schellenberg (PA ID 321435)
1760 Market Street, Suite 403
Philadelphia, PA 19103
215.402.6555
esegal@levanstapleton.com
kschellenberg@levanstapleton.com
*Attorneys for Defendants Daily Local News, Digital First Media, and MNG Enterprises, Inc.*
