IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVERETT STERN,** | : | **CIVIL ACTION** |
| | : | |
| *Plaintiff,* | : | **NO.: 2:23-cv-02318-MRP** |
| | : | |
| v. | : | |
| | : | |
| **DAILY LOCAL NEWS,** *et al.*, | : | |
| | : | |
| | : | |
| *Defendants.* | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, by and through their undersigned counsel, hereby respond to Plaintiff's Complaint as follows:

## ANSWER

## THE PARTIES

1. Denied. Defendants are without information sufficient to form a belief as to Plaintiff's residence.

2. Denied as stated. The Daily Local News is a newspaper owned and published by 21st Century Media Newspaper, LLC, a Delaware LLC. The physical address of the Daily Local News office is 390 Eagleview Blvd., Exton, PA 19341.

3. Denied. Defendants respond further by incorporating their response to Paragraph 2.

4. Denied as stated. MNG Enterprises, Inc. is a Delaware corporation with a business location at 5990 Washington St., Denver, CO 80216.

## JURISDICTION

5. Denied as a conclusion of law. Defendants respond further that they do not dispute jurisdiction.

6. Denied. Defendants respond further that Plaintiff pled guilty to summary charges in connection with the incident described in the December 19, 2022 article at issue.

## COUNT I – LIBEL DEFAMATION

7. Denied. Defendants respond further by incorporating their response to Paragraph 2.

8. Denied as a conclusion of law.

9. Denied as a conclusion of law.

10. Admitted only that the article at issue was published in the December 19, 2022 edition of the Daily Local News. The article at issue is a document that speaks for itself, any characterization of which is therefore denied. Otherwise denied as a conclusion of law. Defendants respond further that the Daily Local News intended to publish a fair and accurate article about a newsworthy development in Plaintiff's case.

11. The article at issue is a document that speaks for itself, any characterization of which is therefore denied. Otherwise denied as a conclusion of law. Defendants respond further that the Daily Local News intended to publish a fair and accurate article about a newsworthy development in Plaintiff's case.

12. Defendants are without information sufficient to form a belief as to the financial impact, if any, that the article at issue had on Plaintiff.

13. Denied as a conclusion of law. Defendants respond further that the Daily Local News intended to publish a fair and accurate article about a newsworthy development in Plaintiff's case and acted with ordinary care.

14. Denied as a conclusion of law.

15. Denied. Defendants respond further that Plaintiff pled guilty to summary charges in connection with the incident described in the December 19, 2022 article at issue.

16. There are no "statements and charges . . . identified in paragraph 6," and the article at issue is a document that speaks for itself, any characterization of which is therefore denied. Otherwise denied as a conclusion of law. Defendants respond further that the Daily Local News intended to publish a fair and accurate article about a newsworthy development in Plaintiff's case and acted with ordinary care.

17. Denied as a conclusion of law.

18. The article at issue is a document that speaks for itself, any characterization of which is therefore denied. Admitted that the article was published in the December 19, 2022 edition of the Daily Local News. Defendants are without information sufficient to form a belief as to whether "Plaintiff's neighbors and friends and diverse other persons" read the article.

19. Defendants are without sufficient information to form a belief as to the impact, if any, that the article had on Plaintiff. Defendants respond further that the article is a document that speaks for itself, any characterization of which is therefore denied. Otherwise denied as a conclusion of law.

20. Denied as a conclusion of law. Defendants respond further that the Daily Local News intended to publish a fair and accurate article about a newsworthy development in Plaintiff's case and acted with ordinary care.

21. Denied as a conclusion of law.

22. Denied as a conclusion of law. Defendants respond further that the Daily Local News intended to publish a fair and accurate article about a newsworthy development in Plaintiff's case and acted with ordinary care.

## COUNT II – NEGLIGENCE

23. Defendant incorporates their responses to all previous Paragraphs.

24. Denied as a conclusion of law. Defendants respond further that the Daily Local News intended to publish a fair and accurate article about a newsworthy development in Plaintiff's case, acted with ordinary care, and did not breach any duty.

25. Denied as a conclusion of law. Defendants respond further that the Daily Local News intended to publish a fair and accurate article about a newsworthy development in Plaintiff's case, acted with ordinary care, and did not breach any duty.

26. Denied as a conclusion of law.

27. Denied as a conclusion of law. Defendants respond further that the Daily Local News intended to publish a fair and accurate article about a newsworthy development in Plaintiff's case, acted with ordinary care, and did not breach any duty.

28. Denied as a conclusion of law. Defendants respond further that the Daily Local News intended to publish a fair and accurate article about a newsworthy development in Plaintiff's case, that the Daily Local News acted with ordinary care, and that they lack information sufficient to form a belief about the impact, if any, that the article had on Plaintiff.

29. Denied as a conclusion of law.

30. Denied as a conclusion of law.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses and reserves the right to assert other defenses if and when they become appropriate and/or available in this action. The statement of any defense herein does not assume the burden of proof for any issue, fact, or element of a claim to which the applicable law places the burden of proof on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in full or in part, by the doctrine of unclean hands.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in full or in part, by the doctrines of res judicata and/or collateral estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in full or in part, by the fair report privilege.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in full or in part, by the fair comment privilege.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in full or in part, because the article at issue was true or substantially true.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in full or in part, because the article at issue was a privileged exercise of the rights to freedom of speech and expression under the United States and Pennsylvania Constitutions.

## SEVENTH AFFIRMATIVE DEFENSE

Any claim for damages should be reduced in whole or in part by Plaintiff's failure to adequately mitigate damages.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demand judgment in in their favor and against Plaintiff.

**LeVAN STAPLETON SEGAL COCHRAN LLC**

By: */s/ Eli Segal*
    Eli Segal (PA ID 205845)
    Kali J. Schellenberg (PA ID 321435)
1760 Market Street, Suite 403
Philadelphia, PA 19103
215.402.6555
esegal@levanstapleton.com
kschellenberg@levanstapleton.com

*Attorneys for Defendants Daily Local News, Digital First Media, and MNG Enterprises, Inc.*

## **CERTIFICATE OF SERVICE**

I, Eli Segal, hereby certify that, on April 4, 2024, I served a true and correct copy of the foregoing *Defendants' Answer and Affirmative Defenses* on all counsel of record through the Court's electronic filing system.

/s/ *Eli Segal*
Eli Segal
