Joint Status Report Pursuant to Rule 26(f)

Caption: <u>Everett Stern v. Daily Local News et al.</u>   Civil Action No: <u>2:23-CV-02318</u>

Basis of Jurisdiction: <u>Diversity</u>

Jury Trial: <u>x</u>   Non-Jury Trial: _____   Arbitration: _____

1. Plaintiff's brief factual summation of the case and claims: <u>The instant case is against a newspaper for wantonly misreporting the truth and directly and proximately causing damages to Mr. Stern. Plaintiff has sufficiently pled facts that were published with knowledge of its falsity or a reckless disregard for the truth or falsity of the reported statement. Plaintiff having plead facts that suggest actual malice. In defamation by implication cases, there is an additional element to the actual malice standard: the plaintiff must show that defendant either intended to communicate the defamatory meaning or knew of the defamatory meaning and was reckless in regard to it. See *Kendall v. Daily News Pub. Co.,* 716 F.3d 82, 90 (3d Cir. 2013). Like the standard actual malice requirement, the inquiry subjective [in] requiring some evidence showing, directly or circumstantially, that the defendants themselves understood the potential defamatory meaning of their statement. To be clear, the Plaintiff has averred and therefore believes that Defendant either intended to communicate the defamatory meaning or knew of the defamatory meaning and was reckless in regard to it. Plaintiff included a second count in the alternative and in conjunction with the requirements of 42 Pa.C.S. § 8344 in order to pre-emptively plead and aver the element of negligence against Defendants. Plaintiff avers and believes that he can establish a negligence claim against Defendants and has pled factual averments that frame the elements of negligence (duty of care, breach of said duty, proximately and directly causing actual damages to Plaintiff) such that the trier of facts can determine that liability exists against Defendants.</u>

2. Defendant's brief factual summation of the case, claims, and defenses: <u>Plaintiff Everett Stern alleges that Defendants' December 2022 article about him contains two defamatory statements: 1) that he"[t]ried to impersonate a Police Officer using flashing emergency lights and telling the driver he was a 'Federal' Agent," (Compl. ¶ 10); and 2) that "[t]he article headline stated that Plaintiff plead guilty to impersonation of an officer" (*id.* ¶ 11). By way of background, Mr. Stern was charged with one count of impersonating a public servant, four counts of harassment, and four counts of disorderly conduct based on an incident that occurred on March 30, 2022. On December 9, 2022, he pleaded guilty to four summary counts of disorderly conduct stemming from that same incident. Mr. Stern admitted the factual basis for the disorderly conduct charges against him, which was the same as the basis for all of the other charges—namely, that he used a flashlight with red and blue flashing lights to pull over a vehicle of four people in a parking lot. Defendants contend that the article is protected by the fair report privilege and that Mr. Stern cannot prove that the article was materially false, that it was published with actual malice, or that it caused him any recoverable damages.</u>

3. Plaintiff's counsel participating in the Rule 16 Conference:   <u>Mark Sophocles</u>

4. Defendant's counsel participating in the Rule 16 Conference: <u>Eli Segal</u>

5. When did the parties hold the Rule 26 Conference? <u>July 16, 2024</u>

6. When did the parties comply with Rule 26(a)'s duty of self-executing disclosure? <u>Defendants sent their initial disclosures on July 19, and Plaintiff sent his initial disclosures on July 26.</u>

7. Plan for Discovery:

    a. The parties anticipate that discovery should be completed within <u>180</u> days.

    b.  If you contend the discovery period should exceed 90 days, please explain: <u>This case may involve discovery from third-party government officials and is complicated by Plaintiff's recent partial expungement of the criminal records which are discussed in the article at issue.</u>

    c.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)? <u>Yes</u>

    d.  Identify any other discovery issues that should be addressed at the Rule 16 Conference, including limitations on discovery, protective orders needed, or other elements which should be included in a particularized discovery plan: <u>While Defendants do not believe the expungement affects their ability to publicly discuss and disclose information related to the criminal charges against Mr. Stern that he has placed at issue in this lawsuit, all parties believe it is worth bringing the issue to the Court's attention for discussion and guidance.</u>

    e.  Does either side anticipate the use of experts? <u>Yes.</u>
       If yes, what is the proposed deadline for expert discovery? <u>05/06/2025</u>

8. Proposed deadline for filing dispositive motions: <u>06/06/2025</u>

9. Approximate date case should be trial-ready: <u>September 2, 2025</u>
Time for Plaintiff's case: <u>2-3 days</u>    Time for Defendant's case: <u>2 days</u>

10. Does your client consent to proceeding before a Magistrate Judge for final disposition? <u>No</u>

11. Is a settlement conference likely to be helpful? <u>no</u> (yes/no)

   If so, when: <u>Early</u> (yes/no) After Discovery ___ (yes/no)

> In addition to being filed in ECF, this 26F report should be emailed to: Perez_Chambers@paed.uscourts.gov